# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES HUGGARD,
    Plaintiff

Case No. 1:10-cv-63
Dlott, J.
Litkovitz, M.J.

vs

UNITED PERFORMANCE
METALS, INC.,
    Defendant.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's Motion for Substitution of Personal Representative (Doc. 54), defendant United Performance Metal, Inc.'s (UPM) memorandum in partial opposition to the motion (Doc. 58), and plaintiff's reply memorandum in support of the motion (Doc. 61).

**I. Background**

Plaintiff James Huggard brought this action alleging violations of various federal and state statutes resulting from the termination of his employment with defendant UPM. The second amended complaint includes state law claims for age and disability discrimination and retaliation under Ohio Rev. Code Ch. 4112 (Doc. 29), although plaintiff has stated he does not wish to pursue his age discrimination claims. (Doc. 44, p. 7 n.1.). As relief, plaintiff seeks lost earnings and benefits, compensatory damages, punitive damages, injunctive relief, and attorney fees, costs, and interest. (Doc. 29, at 5-6).

Defendant UPM moved for summary judgment on all claims against it. (Doc. 31). The undersigned held oral argument on the motion on September 29, 2011. (Doc. 50). On October 17, 2011, counsel for plaintiff filed a Suggestion of Death suggesting on the record that plaintiff

James Huggard died on October 3, 2011. (Doc. 51). During a conference with the Court, plaintiff's counsel indicated that plaintiff's estate intended to proceed with this lawsuit, and both parties agreed that they did not object to issuance of a Report and Recommendation on the motion for summary judgment. Accordingly, the undersigned issued a Report and Recommendation on November 17, 2011, recommending that defendant's motion for summary judgment be granted as to plaintiff's federal and state age discrimination claims and denied as to plaintiff's disability discrimination, retaliation and ERISA claims. (Doc. 55). Defendant's objections to the Report and Recommendation are pending before the District Judge. (Doc. 59).

Plaintiff timely filed a Motion for Substitution of Personal Representative on November 14, 2001, pursuant to Fed. R. Civ. P. 25. (Doc. 54). Plaintiff moves to substitute the Estate of James Huggard, c/o Maggie Hess, Executrix, in this litigation. Defendant opposes the motion as to plaintiff's state law claims on the ground that those claims do not survive plaintiff's death. Defendant does not oppose substitution as to the federal claims.

**II. Applicable Law**

Fed. R. Civ. P. 25 provides, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Rule 25 is procedural and merely describes the method by which the original action may proceed if the right of action survives. 7C Wright & Miller, Fed. Prac. & Proc. Civ. § 1952 (3d ed.); *Haggard v. Stevens*, No. 2:09-cv-1144, 2010 WL 3658809, at *3 (S.D. Ohio Sept. 14, 2010) (Graham, J.). Whether the death of a party extinguishes a claim is a question of substance on which state law ordinarily governs. Fed. Prac. & Proc. Civ. § 1952.

Because defendant does not contest the motion for substitution as to plaintiff's federal

2

claims, the only issue before the Court is the substantive question of whether plaintiff's state law claims survive plaintiff James Huggard's death. The starting point for the Court's analysis is the Ohio Revised Code. Two provisions of the Ohio Revised Code modify the common law, under which an action abated at the death of the plaintiff but could be reinstated by the personal representative of the decedent's estate if the action survived the plaintiff's death. *Estate of Cattano v. High Touch Homes, Inc.*, No. E-01-022, 2002 WL 1290411, at *6 (Ohio App. 6 Dist May 24, 2002). Pursuant to Ohio Rev. Code § 2311.21, most causes of action under Ohio law no longer abate at the death of a party:

> Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party.

Ohio Rev. Code § 2305.21 modifies the common law as to survival of an action and governs when a new party may be substituted for the deceased party. *Estate of Cattano*, 2002 WL 1290411, at *6. The statute expands the common law by adding causes of action which survive and codifies the common law principle that causes of action involving injuries to property survive. *Id.* The statute states as follows:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto.

Thus, under Ohio law, to determine whether a cause of action in a given case survives the death of a party, the Court must first determine whether the cause of action is one listed in § 2305.21. *Estate of Cattano*, 2002 WL 1290411, at *6. If not, the Court must apply common law principles to determine if the cause of action survives. *Id.* An injury based on a "personal right"

3

is non-transferable and does not survive the death of an individual. *Id.* (citing *State v. ex rel. Ahrens*, 14 N.E.3d 351 (Ohio 1938)).

Here, the question presented by the motion to substitute is whether plaintiff James Huggard's causes of action for retaliation and disability discrimination under Ohio Rev. Code Ch. 4112 are for "injuries to the person or property" so that the substituted party may proceed with the claims. Defendant's position is that plaintiff's claims under Chapter 4112 do not survive because those claims do not involve "injuries to the person." Defendant cites one unpublished district court decision in support of its position. *See Richardson v. Insite Systems, Inc.*, No. 1:00cv979, 2001 U.S. Dist. LEXIS 23385 (N.D. Ohio March 5, 2001)[1] (Doc. 58, Exh. A) (Ohio race discrimination in employment claim did not survive plaintiff's death). Plaintiff relies on another unpublished decision from the Northern District of Ohio for the opposing proposition that claims brought under Ohio Rev. Code Ch. 4112 survive the death of a party. *See Carney v. Stericycle, Inc.*, No. 04:06CV1473, 2007 WL 22366005, at *2 (N.D. Ohio July 31, 2007). Plaintiff alleges that because this action seeks a remedy for severe emotional distress resulting from defendant's unlawful discrimination and retaliation, the state law claims for discrimination and retaliation survive plaintiff's death. In addition to the decision in *Carney*, plaintiff relies on two notation orders by this Court and one perfunctory state court order granting motions to substitute in other lawsuits. (Doc. 61, Exhs. C-E).

Based on its review of Ohio statutory and case law, the Court concludes that the claims brought in this litigation under Ohio Rev. Code Ch. 4112 survive plaintiff's death. Ohio law provides that a cause of action survives where psychic injury is alleged. *See Bowman v. Parma*

---

[1] The decision is not published in the Westlaw database.

4

*Bd. of Educ.*, 542 N.E.2d 663, syll. at ¶ 3 (Ohio App. 8 Dist. 1988) ("A claim for 'psychic' injury or infliction of serious emotional distress survives the death of the person upon whom the injury or distress was inflicted."). *See also Kelly v. Greene*, No. 66359, 1994 WL 547767, at *2 (Ohio App. 8 Dist. Oct. 6, 1994) (sexual harassment is a psychic injury which does not abate by the death of a party); *Pokorney v. Miami Valley Career Technology Center*, No. C-3-94-247, 1997 WL 1764769 (S.D. Ohio March 31, 1997) (Rice, J.). In *Pokorney*, 1997 WL 1764769, the Court relied on federal common law to decide that the plaintiff's ADA claim survived her death. However, the Court acknowledged it would have reached the same result if it were to apply Ohio law. *Id.*, at *6 n.7. The Court reasoned that pursuant to the holding in *Bowman*, 542 N.E.2d at 663, syll. at ¶ 3, claims for psychic injuries such as intentional infliction of serious emotional distress survive. *Id.* Because the compensatory and punitive damages for emotional harm which the plaintiff in *Pokorney* sought were similar to the claim for emotional injury which survived the plaintiff's death in *Bowman*, the *Pokorney* Court concluded that the plaintiff's ADA claim would survive her death under Ohio law. *Id.*

This Court finds the reasoning in *Pokorney* to be persuasive. Here, plaintiff is likewise seeking to recover for "severe emotional distress" resulting from defendant's actions. (Doc. 61 at 1). A claim for such psychic injury survives plaintiff's death under Ohio law. *See Bowman*, 542 N.E.2d at 663, syll. at ¶ 3. This result is consistent with the liberal construction to be afforded the Ohio survival statutes and the remedial purpose of the statutes. S*ee Johnson v. Dept. of Mental Retardation*, 520 N.E.2d 29 (Ohio Ct. Cl. 1987); *Miami Univ. v. Ohio Civ. Rights Comm.*, 726 N.E.2d 1032, 1048 (Ohio App. 12 Dist. 1999). Accordingly, plaintiff's Ohio discrimination and retaliation claims survive plaintiff James Huggard's death, and substitution of

the representative of plaintiff's estate for plaintiff James Huggard on all claims in this litigation is proper.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for substitution (Doc. 54) be GRANTED and the Estate of James Huggard, c/o Maggie Hess, Executrix, be substituted as plaintiff in this litigation.

Date: 12/28/11

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES HUGGARD,
Plaintiff,

Case No. 1:10-cv-063
Dlott, J.
Litkovitz, M.J.

vs

UNITED PERFORMANCE
METALS, INC.
Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).